IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| GINA LATHAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-cv-3031 |
| STATE OF ILLINOIS DEPARTMENT OF PUBLIC HEALTH, | ) ) ) ) ) |
| Defendant. | ) ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant State of Illinois Department of Public Health's (Department) Motion to Dismiss (d/e 7) (Motion). The parties consented to proceed before this Court. Notice, Consent, and Reference of a Civil Action to a Magistrate Judge and Reference Order entered April 7, 2021 (d/e 14). For the reasons set forth below, the Motion is DENIED.

Lathan brings claims for employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII). 42 U.S.C. § 2000e et seq. The Department asks the Court to dismiss the Complaint for two reasons: (1) Lathan failed to commence this action within 90 days of receipt of the Right-to-Sue Letter from the Equal Employment Opportunity

Commission (EEOC), as required by statute. 42 U.S.C. § 2000e-5(f)(1); and (2) Lathan includes no factual allegations in her Complaint "and instead seemingly relies on 88 pages of exhibits to establish her claims." Motion, ¶¶ 2-3. The Court addresses each of these arguments separately.

Failure to Commence Action in a Timely Manner

Lathan completed this Court's Complaint Form "Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination" to draft her Complaint. In filling out the Complaint Form, Lathan checked a box that stated that the EEOC issued a Right-To-Sue Letter "which was received on (*date*)_____." Lathan inserted in the blank the date "10/28/2020." Complaint, at 5.[1] The Complaint Form instructed Lathan to attach a copy of the Right-To-Sue Letter to the Complaint Form. Id. Lathan did so. The Right-To-Sue Letter attached to the Complaint Form was signed by the District Director of the EEOC's Chicago District Office. The Right-To-Sue Letter states that the EEOC mailed the Right-To-Sue Letter on October 28, 2020. Complaint, at 9. Lathan filed this action on January 27, 2021, or 91 days after October 28, 2021.

---

[1] The Court uses the pagination assigned by this Court's CM/ECF system because the CM/ECF pagination provides a single, sequential pagination for the entire document.

A party must bring a Title VII action within 90 days of receipt of a Right-To-Sue Letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The Chicago EEOC Office mailed the Right-To-Sue Letter on October 28, 2020. The earliest Lathan could possibly have received the Right-To-Sue Letter was the next day October 29, 2020,[2] or 90 days before she commenced this action. It appears that Lathan mistakenly filed in the blank on the Complaint Form with the date the Right-to-Sue Letter was issued rather than the date received. In her memorandum in Opposition to Defendant's Motion to Dismiss, the Plaintiff indicates she received the Right-to-Sue Letter later than October 28, 2020. The Court will not require Lathan to re-draft her Complaint just to correct this mistake. The Department's motion to dismiss this action as untimely is denied.

Failure to Include Factual Allegations

Lathan, again, completed the Complaint Form to allege her Complaint. She completed the Complaint Form section on the parties by identifying herself as the Plaintiff and the Department as the Defendant. She listed her place of employment. She indicated that she brought the action under Title VII. The Plaintiff indicated on the Complaint Form that she asserted claims for retaliation, undue harassment and unequal job

---

[2] Next day delivery is highly unlikely, but the Court will assume such for purposes of the Motion.

assignment beginning on February 19, 2017, and continuing.  Lathan alleged that the Department committed these wrongful acts against her because of her race.  Complaint, at 1-4.

The next portion of the Complaint Form stated, "The facts of my case are as follows.  Attach additional pages if needed."  Complaint, at 5.  Lathan wrote, "See attached EEOC Form EEO-5 'Charge of Discrimination,' pages 2 and 3, Charge #2020SF1609; EEOC Form 131-A; EEOC Form 212-A".  Id.  Lathan attached the three referenced documents.  The EEOC Form EEO-5 Charge of Discrimination at pages 2 and 3 stated the following:

    Charge Number: 2020SFl609
    Complainant: LATHAN
    Page 2 of 3

    I.    A.    ISSUE/BASIS

            HARASSMENT FROM 2017 TO FEBRUARY 4, 2020 BECAUSE OF RACE, BLACK.

        B.    PRIMA FACIE ALLEGATIONS

            1.    My race is black;

            2.    From approximately 2017 to February 4, 2020, Respondent harassed me on multiple occasions when they did such things as, but not limited to; not include me in Department physical planning, failed to hire positions necessary to operate my program, excluded me from meetings regarding programs that

      were my responsibility, and not provide adequate work space while others were making plans to use extra space for yoga practice;

3. The behavior was unwelcome and I opposed it but it continued; and

4. The conduct created a hostile, intimidating, and offensive work environment that substantially interfered with my ability to perform the job.

II.   A.   ISSUE/BASIS

HARASSMENT FROM 2017 TO FEBRUARY 4, 2020 BECAUSE OF RETALIATION.

      B.   PRIMA FACIE ALLEGATIONS

1. In 2018, I opposed discrimination when making a complaint to Respondent based on race;

2. From approximately 2017 to February 4, 20.20, Respondent harassed me on multiple occasions when they did such things as, but not limited to; not include me in Department physical planning, failed to hire positions necessary to operate my program, excluded me from meetings regarding programs that were my responsibility, and not provide adequate work space while others were making plans to use extra space for yoga practice;

3. The behavior was unwelcome and I opposed it but it continued; and

    4.    Respondent's action followed my participation in a protected activity within such a period of time as to raise an inference of retaliatory motivation.

Charge Number: 2020SF1609  
Complainant: LATHAN  
Page 3 of 3

III.    A.    ISSUE/BASIS

        UNEQUAL JOB ASSIGNMENTS ON JULY 1, 2019 BECAUSE OF RACE, BLACK.

    B.    PRIMA FACIE ALLEGATIONS

        1.    My race is black;

        2.    My work performance as Senior Public Service Administrator met Respondent's expectations;

        3.    On July 1, 2019, Respondent subjected me to unequal job assignments when I was required to perform additional work on projects such as, but not limited to; BB1 Project, CC1 Project, Grants Management, HepA Collaboration, HepB Grant/Fiscal management, and Registry Program; and

        4.    Respondent treated similarly situated members not in my protected class differently under similar circumstances.

IV.    A.    ISSUE/BASIS

        UNEQUAL JOB ASSIGNMENTS ON JULY 1, 2019 BECAUSE OF RETALIATION.

    B.    PRIMA FACIE ALLEGATIONS

1.  In 2018, I opposed discrimination when making a complaint to Respondent based on race;

2.  My work performance as Senior Public Service Administrator met Respondent's expectations;

3.  On July 1, 2019, Respondent subjected me to unequal job assignments when I was required to perform additional work on projects such as, but not limited to; BB1 Project, CC1 Project, Grants Management, HepA Collaboration, HepB Grant/Fiscal management, and Registry Program; and

4.  Respondent's action followed my participation in a protected activity within such a period of time as to raise an inference of retaliatory motivation.

Complaint, 11 and 12. The EEOC Form 131-A attached to the Complaint Form was a Notice of the Charge of Discrimination from the EEOC to the Department. This document did not contain additional factual allegations but showed that the Department received notice of Lathan's Charge of Discrimination. Complaint, at 13. The EEOC Form 212-A is a notice from the EEOC to the Illinois Department of Human Rights (IDHR) that the IDHR would investigate the Charge under a worksharing agreement with the EEOC. The document did not contain any factual allegations but showed that the IDHR performed the administrative investigation of Lathan's

Charge of Discrimination before her Right-To-Sue Letter was issued. Complaint, at 14.

After incorporating these three documents into the Complaint Form by reference, Lathan completed the rest of the Complaint Form. Lathan stated that she received the Right-To-Sue Letter, as discussed above. The next portion of the Complaint Form asked Lathan to state the relief requested. Lathan stated, "See attached – V. Relief. Relief Requested - $1,532,221. Complaint, at 5-6. Lathan then signed and dated the Complaint Form as a pro se filer. Complaint, at 6. Lathan attached the Attachment V Relief immediately after the signature page and before the Right-To-Sue Letter. Lathan alleged in Attachment V Relief detailed calculations of the alleged damages of $1,532,221. Complaint, at 7-8. Lathan thereafter attached 70 pages of exhibits.

The Department asks the Court to dismiss the Complaint because Lathan cross-referenced documents in the section of the Complaint Form that asked for the factual allegations and the damages calculations. The Department also asks the Court to dismiss the Complaint because the Department cannot tell whether the exhibits contain additional allegations to which it must respond in its formal answer. The Department argues that

the Complaint is convoluted and should be dismissed, and Lathan must be required to rewrite the Complaint.

ANALYSIS

A plaintiff must set forth in her complaint "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(1). Lathan stated her allegations on the Complaint Form directly in most cases. These portions of the Complaint are short and plain statements that meet the requirements of Rule 8. The only material incorporated by reference were her factual allegations and the calculation of the relief sought. Lathan stated in the Complaint Form that her factual allegations were set forth in pages 2 and 3 of her Charge of Discrimination, form EEOC-5, as well as EEOC Form 131-A and EECO Form 212-A. Complaint, at 5. Pages 2 and 3 of her Charge of Discrimination, quoted above, allege a short and plain statement of her claims. The other two forms, Form 131-A and 212-A, do not contain additional factual allegations, but provide procedural background regarding the administrative handling of her Charge of Discrimination. Lathan also incorporated into her Complaint Form that her request for relief set forth in her Attachment V Relief and specifically alleged a total claim of $1,532,221.00. Complaint, at 6. The Attachment V Relief set out in orderly detail Lathan's damages claims.

Complaint, at 7-8.  The Complaint Form and these documents specifically incorporated by reference set forth a short plain statement of Lathan's claim and request for relief, as required by Rule 8.  The Department complains that Lathan incorporated pages by reference into her Complaint, but the Complaint Form directed Lathan to attach additional pages if needed.  See Complaint, at 4. The Court sees no benefit in directing Lathan to revise her complaint when these allegations are sufficient and meet the requirements of Rule 8.

Lathan attached some 70 pages or more of additional documents not specifically incorporated by reference into the Complaint Form.  These documents are only supporting material that Lathan is permitted to attach to her Complaint.  Fed. R. Civ. P. 10(c).  The additional documents do not contain additional allegations of her claim and the Department is not required to admit or deny any statements in these additional documents.  Any additional claims or allegations in the additional documents will be considered denied or avoided by the Defendant for purposes of the pleadings.  See Fed. R. Civ. P. 8(b)(6).

The Department raises no other challenge to the Complaint.  The Motion, therefore, is DENIED.

THEREFORE, IT IS ORDERED that Defendant State of Illinois Department of Public Health's Motion to Dismiss (d/e 7) is DENIED. Defendant is ordered to answer the Complaint in a manner consistent with this Opinion by May 14, 2021.

ENTER:  April 29, 2021

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE